UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **NEW WORLD ART CENTER INC** | **CASE NO. 6:21-CV-00994** |
| **VERSUS** | **JUDGE JUNEAU** |
| **KAMAL P SINGH ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(3) and Alternative Motion to Transfer filed by Defendants, Kamal P. Singh and TACI Investments, Inc. (Rec. Doc. 9). Plaintiff, New World Art Center, Inc. ("NWAC"), opposed the Motion (Rec. Doc. 13), and Defendants replied (Rec. Doc. 17). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Defendants' Motion be denied.

### Factual Background

NWAC, a New York corporation, filed this suit against TACI (a Texas corporation) and Singh (a Texas citizen) for breach of a lease agreement pertaining to a fast food restaurant in Baton Rouge. (Rec. Doc. 1). The Complaint alleges (and Defendants do not dispute) that NWAC acquired the leased property between 2012

and 2015, and that in 2015 the original lessee, Star Brands III, LLC, assigned its rights to TACI in a transaction which occurred in Lafayette. (Rec. Doc. 1, ¶ 8-10). At the same time, Singh executed a personal guarantee of the lease in favor of NWAC in Lafayette. (Rec. Doc. 1, ¶13; Rec. Doc. 13-1). Notably, Star Brands and Singh, on behalf of TACI, agreed to litigate any disputes arising from the assignment in Lafayette. (Rec. Doc. 13-1, p. 3, ¶8).

In this suit, NWAC alleges Defendants failed to maintain the leased premises and failed to pay rent pursuant to the terms of the lease agreement. Defendants now seek to dismiss the suit on the grounds of improper venue or, alternatively, to transfer the suit to the Eastern District of Louisiana in Baton Rouge, where the leased premise is located.

**Law and Analysis**

In considering a motion to dismiss for improper venue under F.R.C.P. Rule 12(b)(3), the court may consider (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ambraco, Inc. v. Bossclip B.V.,* 570 F.3d 233, 238 (5th Cir. 2009). The court must review all facts in the light most favorable to the plaintiff. *Id*. at 237. If the court finds that venue is improper, §1406(a) requires the court to "dismiss, or if it be in

2

the interest of justice, transfer such case to any district or division in which it could have been brought."

## I. Whether Venue is proper under §1391.

28 U.S.C. § 1391(b) establishes three categories of proper venue:

>  (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>  (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>  (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

NWAC relies upon §1391(b)(2) as the applicable venue provision. "[F]or venue purposes, it is sufficient that a substantial part of the events occurred in this district, even if a greater part of the events occurred elsewhere." *Burkitt v. Flawless Recs., Inc.*, No. CIV. A. 03-2483, 2005 WL 6225822, at *6 (E.D. La. June 13, 2005). NWAC argues that a substantial part of the events giving rise to its claims occurred in this District, because Singh executed a guaranty of the lease on behalf of TACI in favor of NWAC in Lafayette. Defendants contend that execution of the guarantee did not substantially give rise to the claims, because NWAC's claims for non-payment of rent and failure to maintain the leased premises arose after the 2015

3

execution of the guaranty. The Court disagrees. NWAC's claims are essentially breach of contract claims based on Defendants' alleged failures to pay rent and maintain the leased premises, as required by the lease.

> In a contract dispute, the court's determination of proper venue may consider factors such as "'where the contract was negotiated or executed, where the contract was to be performed, and where the alleged breach occurred.'" *Ross v. Digioia*, No. 11-1827, 2012 WL 72703, at *4 (E.D. La. Jan. 10, 2012) (Vance, J.) (quoting Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3806.1 (4th ed.)). Furthermore, for contractual disputes, "it is relevant that the defendant solicited the plaintiff's business" to establish a connection in the plaintiff's chosen forum. *S. Filter Media, LLC v. Halter*, No. 13-116, 2013 WL 3423269, at *6 (M.D. La. July 8, 2013) (Brady, J.) (citing *Joseph v. Emmons*, No. 04-2843, 2005 WL 757358 (E.D. La. Mar. 23, 2005) (Barbier. J.)).
>
> *Gaten's Adventures Unlimited, LLC v. Joy Tours & Travel, LLC*, No. CV 19-1309, 2019 WL 3997133, at *4 (E.D. La. Aug. 23, 2019).
>
> See also *Trois v. Apple Tree Auction Ctr., Inc.,* 882 F.3d 485, 493 (5th Cir.

2018) (suggesting that the place of execution of a contract is proper venue under 1391(b)(2) for breach of contract claims). The Guaranty of Lease Agreement obligated TACI and/or Singh to pay rent and perform all other obligations under the lease. (Rec. Doc. 13-1, p. 6). Because the Guaranty was executed in Lafayette, and Defendants were thereby bound to NWAC by the terms of the lease agreement to pay rent and maintain the premises, execution of the Guaranty constituted a substantial event underlying NWAC's claims. Moreover, Defendants' assignment

agreement with Star Brands designated Lafayette as a proper forum.[1] (Rec. Doc. 13-1, p. 3, ¶8). Though the assignment does not govern Defendants' agreement with NWAC, this fact suggests that Defendants had ongoing business dealings in Lafayette regarding the property and conceivably negotiated the NWAC Guaranty there. Therefore, the Court finds that a substantial part of the events giving rise to the claims arose in this this district such that venue is proper under §1391(b)(2).

## II.     Whether Transfer is proper under §1404(a).

Defendants alternatively seek a transfer to the Middle District of Louisiana, which encompasses Baton Rouge, where the leased premises are located. 28 U.S.C. §1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The movant must show good cause by showing "that the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008). In determining whether transfer is proper under §1404(a), the court must consider the following private interest factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other

---

[1] The lease assignment designates the Fifteenth Judicial District Court, a state court, as the parties' forum.

practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* quoting *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir.2004). The court must also consider the following public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

Defendants contend the private interest factors weigh in favor of transfer to the Middle District, where the property is located, because the parties will have easier access to evidence and witnesses. Defendants argue that key witnesses will be easier and cheaper to subpoena in Baton Rouge. Although Defendants rely upon the 100 mile rule[2] in support of their argument that Baton Rouge is more convenient than Lafayette for the parties and witnesses, NWAC correctly highlights that the two cities are less than 100 miles apart. NWAC further argues that Baton Rouge and Lafayette are equally convenient for NWAC (of New York) and Defendants (of Texas). Indeed, Lafayette is presumably more convenient to Defendants, who are

---

[2] Under the 100 mile rule, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 317 (5th Cir. 2008), quoting *In re Volkswagen AG,* 371 F.3d 201, 204-05 (5th Cir.2004).

Texas residents and who agreed to litigate any issues arising out of its assignment from Star Brands in Lafayette. Therefore, the Court finds that private interest factors do not support transfer.

Consideration of public interest factors yields the same conclusion. Defendants admit that the court congestion, forum law, and conflicts of law factors are neutral. (Rec. Doc. 9-1, p. 13; 15). Rather, Defendants argue the local interest factor supports transferring the case to the Middle District, because the leased property is located in Baton Rouge and the case otherwise has no meaningful connection to the Western District. The Court disagrees. As discussed above, the fact that Defendants conducted business relative to the leased property in Lafayette supports that this forum has at least some connection to the controversy. Accordingly, the Court finds that §1404(a) does not support a transfer in this case.

## Conclusion

For the reasons discussed herein, the Court recommends that Defendants' Motion to Dismiss for Improper Venue, or Alternative Motion to Transfer Venue (Rec. Doc. 9) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 21st day of June, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE