UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **NEW WORLD ART CENTER INC** | **CASE NO. 6:21-CV-00994** |
| **VERSUS** | **JUDGE JUNEAU** |
| **KAMAL P SINGH ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss Counterclaim by Plaintiff, New World Art Center, Inc. ("NWAC"). (Rec. Doc. 33). Defendants, Kamal P. Singh and TACI Investments, Inc. opposed, (Rec. Doc. 44). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's Motion be granted.

### Factual Background

NWAC, a New York corporation, filed this suit against TACI and Singh for breach of a lease agreement pertaining to a fast-food restaurant in Baton Rouge. (Rec. Doc. 1). Following initial pretrial motions, Defendants answered the suit and filed a counterclaim. (Rec. Doc. 27). Defendants alleged the parties negotiated a lease termination and release agreement wherein Plaintiff allegedly "verbally agree[d] to accept $150,000 in exchange for the termination and release of the lease."

(Rec. Doc. 9, ¶9). Defendants alleged that they executed the Termination and Release Agreement per their verbal agreement, but that Plaintiff refused to sign the Agreement. (Rec. Doc. 9, ¶9-10). Plaintiff filed the instant Motion to Dismiss Defendants' counterclaim on the grounds that the parties failed to reach an enforceable compromise, because the compromise was not reduced to writing, as required by Louisiana law.

In response to Plaintiff's Motion to Dismiss the Counterclaim, Defendants filed a purported amended counterclaim contemporaneously with their opposition to Plaintiff's motion; however, the amended counterclaim was deemed deficient. (Rec. Doc. 43-45). Defendants have since moved for leave to amend the answer and counterclaim. (Rec. Doc. 46).

Defendants' purported amended counterclaim alleges that on March 12, 2021, the parties agreed to terminate and release the lease for $200,000 via email agreement. (Rec. Doc. 43, ¶8-10). Attached as an exhibit to Defendants' amended counterclaim is a March 12, 2021 email from Lucia Chen (NWAC representative) to Defendant Singh in which Chen suggests they agreed to settle for $200,000. (Rec. Doc. 46-2).

## Law and Analysis

"In diversity cases, a federal court must apply federal procedural rules and the substantive law of the forum state." *Hyde v. Hoffmann-La Roche, Inc.,* 511 F.3d 506, 510 (5th Cir. 2007). Thus, Louisiana substantive law applies in this case.[1]

Louisiana Civil Code article 3072 provides that a compromise must either be made in writing or recited in open court. In *Sullivan v. Sullivan*, the Louisiana Supreme Court held: "the requirement that the agreement be reduced to writing necessarily implies that the agreement be evidenced by documentation signed by both parties." *Sullivan v. Sullivan*, 95-2122 (La. 4/8/96), 671 So. 2d 315, 317. See also discussion in *Bombet v. Donovan*, No. 13CV00118-SDD-SCR, 2014 WL 991736, at *2 (M.D. La. Mar. 13, 2014), citing *Sullivan*; *Felder v. Georgia Pac. Corp.,* 405 So.2d 521, 523 (La.1981); and *Desoto v. DeSoto,* 96–1079 (La.App. 5 Cir. 4/29/97), 694 So.2d 1043, 1045. The Fifth Circuit further discussed Louisiana law's requirement that a compromise be essentially perfect to be enforceable:

> [T]o have a valid compromise, there must be a meeting of the minds between the parties as to what they intended when the compromise was reached. *Succession of Magnani,* 450 So.2d 972 (La.App. 2d Cir.1984). A compromise agreement must therefore be unambiguous, perfect and complete in itself so that nothing is left for ascertainment by parol proof. *Flowers v. U.S. Fidelity & Guaranty Co.,* 367 So.2d 107 (La.App. 4th Cir.1979), *aff'd in part, amended and remanded on other grounds,* 381 So.2d 378 (La.1980), *superseded by statute as stated in Odessa House v. Goss,* 453 So.2d 299 (La.App. 3d

---

[1] The Court previously denied Defendants' motion to transfer the case. (Rec. Doc. 18; 22).

Cir.1984). Finally, we note that a writing will not be considered a compromise if the court must receive parol evidence to reach that conclusion. *Senegal v. Delahoussaye,* 311 So.2d 58, 61 (La.App. 3d Cir.1975).

*Parich v. State Farm Mut. Auto. Ins. Co*., 919 F.2d 906, 914 (5th Cir. 1990).

Although Defendants' counterclaim and purported amended counterclaim include attached email correspondence between Plaintiff's representative and Defendants, the documents do not evidence a written, unambiguous compromise agreement signed by both parties. Indeed, Defendants at first alleged that "Plaintiff refused to sign the Termination and Release Agreement," referencing the $150,000 amount (Rec. Doc. 27, ¶ 10), and then changed course in their amended counterclaim to suggest the parties agreed to settle for $200,000, based upon a one-way email from Plaintiff to Defendants (Rec. Doc. 43). Defendants have failed to allege the existence of an "unambiguous, perfect and complete" settlement agreement signed by both parties. At most, Defendants' counterclaim (either the original or as amended) relies on mere settlement negotiations. Thus, Defendants failed to state a claim for enforcement of a compromise agreement under Louisiana law.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Dismiss Counterclaim (Rec. Doc. 33) be GRANTED.

4

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 28th day of September, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE