UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **NEW WORLD ART CENTER INC** | **CASE NO. 6:21-CV-00994** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KAMAL P SINGH ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is the Motion to Allow Supplement to Expert Report filed on behalf of Plaintiff, New World Art Center, Inc. ("NWAC") (Rec. Doc. 70). Defendants, Kamal P. Singh and TACI Investments, Inc., opposed the motion (Rec. Doc. 77).

NWAC, the owner of a commercial building at 9445 Greenwell Springs Road in Baton Rouge, sued its former tenants, Defendants, who operated a KFC restaurant in the building, for breach of the lease agreement. (Rec. Doc. 1). A key issue is the value of the building. Both parties have obtained experts. Trial is set for February 6, 2023. Plaintiff's expert report deadline expired on June 28, 2022, the discovery deadline expired on August 29, 2022, and the dispositive motion and Daubert motion deadlines expired on September 26, 2022. (Rec. Doc. 56). The parties timely deposed the experts and Plaintiff's real estate brokers. The parties have pending

cross motions for summary judgment regarding interpretation of the lease and the value of the property, which are based in part on the parties' experts' opinions.

NWAC moves to supplement its expert's report issued in December 2021 with new evidence regarding the sale of a vacant former Taco Bell restaurant on September 7, 2022, which occurred after the parties completed discovery and disclosed expert reports. NWAC contends that the Taco Bell's sale was not publicly available until October 3, 2022, and that Plaintiff learned of it on October 13, 2022, after the parties filed their motions for summary judgment. NWAC contends the new information affects its expert's opinion regarding the value of the property and seeks a modification of the scheduling order to allow supplementation.

F.R.C.P. Rule 16(b)(4) authorizes the court to modify a scheduling order for good cause. "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003), citing 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990). In the context of this case, the court must apply a four-part test to determine whether modification under Rule 16(b) is appropriate: (1) the explanation for the failure to timely move for leave to supplement; (2) the importance of the supplementation; (3) potential prejudice in allowing the

supplementation; and (4) the availability of a continuance to cure such prejudice. *Id.; Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir.1990)).

The Court finds that NWAC adequately explained its failure to supplement its report before the deadline. The sale of the Taco Bell building was not made public until October 3, after the deadline, and NWAC filed its motion as soon as it became aware of the sale. Defendants argue the Taco Bell building was listed for sale for months before; however, the Court agrees that a definitive sale price is relevant to the fair market value and fair market rental value of the building. The relevance of the Taco Bell's sale price, especially after having been on the market for several months, demonstrates its importance to NWAC's expert's opinion regarding the property's value. Thus, the first and second factors favor NWAC.

Regarding the third and fourth considerations, the Court is sympathetic to Defendants' potential prejudice caused by a supplemental expert report on the key issue three months before trial, and with pertinent motions for summary judgment pending. However, the Court finds that a brief continuance of the trial and certain deadlines would best balance the interests in this case. Accordingly,

IT IS ORDERED that New World Art Center, Inc.'s Motion to Allow Supplement to Expert Report (Rec. Doc. 70) is GRANTED.

IT IS FURTHER ORDERED that trial is RE-SET for May 15, 2023. The pretrial conference will be by phone with the undersigned magistrate judge on April

24, 2023 at 10:00 a.m. Counsel shall access the pretrial conference by dialing 877-336-1839, access code 2869540.

IT IS FURTHER ORDERED that the Clerk of Court shall issue a new scheduling order commencing with deadlines regarding the pretrial order. The following additional deadlines are also established:

- Plaintiff shall submit its supplemental expert report by November 23, 2022. No further supplementations or amendments shall be allowed.

- Defendants shall submit any supplemental expert reports by January 11, 2023.

- The discovery deadline is set for January 20, 2023. Additional discovery is limited to those issues raised in the supplemental expert reports.

- The parties shall submit supplemental briefs in support and/or opposition to the pending motions for summary judgment by January 25, 2023.

- The deadline for filing Daubert motions is set for January 25, 2023.

Signed at Lafayette, Louisiana on this 10th day of November, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE